**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Civil Action No. 1:22-cv-03164-DDD

S.M.,

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

**ORDER AFFIRMING DECISION
OF ADMINISTRATIVE LAW JUDGE**

Plaintiff S.M. brings this action seeking judicial review of a determination by the Social Security Administration ("SSA") that she was not entitled to benefits under the Social Security Act. The SSA found that despite her impairments, the plaintiff was not disabled because she had the residual functional capacity to work, with limitations, in the national economy. The Administrative Law Judge's assessment contains no reversible legal error and is supported by substantial evidence, and the SSA's decision is therefore affirmed.

**APPLICABLE LAW**

**I. Entitlement to Benefits**

To obtain disability-insurance benefits or supplemental-security income under the Social Security Act, a claimant must, among other

- 1 -

requirements, have a "disability" within the meaning of the Act.[1] 42 U.S.C. §§ 423(a), 1382(a). An individual has a disability within the meaning of the Act if he or she is "[unable] to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

An individual may be determined to be unable to engage in any substantial gainful activity

> only if his [or her] physical or mental impairment or impairments are of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he [or she] lives, or whether a specific job vacancy exists for him [or her], or whether he [or she] would be hired if he [or she] applied for work.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The SSA uses a five-step process to determine whether a claimant has a disability under the Act. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). These steps are as follows:

> ***First***, the claimant must demonstrate that he or she is not currently doing any substantial gainful activity;

---

[1] To obtain disability-insurance benefits, a claimant must also be "insured" under the Act during the period of disability. 42 U.S.C. § 423(a)(1)(A). A claimant's insured status depends on whether he or she was paid a threshold amount of wages in the relevant time period preceding onset of disability. *See* 42 U.S.C. § 423(c)(1); 20 C.F.R. § 404.130; *Schuler v. Barnhart*, 127 F. App'x 452, 453 (10th Cir. 2005); *N.M. v. Kijakazi*, No. 21-cv-00598-REB, 2022 WL 1239326, at *4 n.8 (D. Colo. Apr. 26, 2022).

> ***Second***, the claimant must demonstrate a medically severe impairment or combination of impairments that significantly limits his or her physical or mental ability to do basic work activities;
>
> ***Third***, if the claimant's impairment matches or is equivalent to one on an established list of impairments the SSA considers severe enough to prevent a person from doing substantial gainful activity, the claimant is found conclusively disabled. If the claimant's impairment does not match or equal one on the established list, the analysis proceeds to the fourth step;
>
> ***Fourth***, the claimant must demonstrate that his or her impairment or combination of impairments prevents him or her from doing work that he or she has done in the past; and
>
> ***Fifth***, the claimant is then found disabled unless the SSA demonstrates that, considering the claimant's residual functional capacity, age, education, and work experience, he or she can do other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 404.1520(b)-(g), 404.1560(c), 416.920(a)(4)(i)-(v), 416.920(b)-(g), 416.960(c); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 & n.2 (10th Cir. 1988) (describing five steps and burdens of proof in detail). If a determination is made at any of the steps that the claimant is or is not disabled, the analysis ends, and it is unnecessary to proceed to the subsequent steps. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

**II. Standard of Review**

Any individual may appeal a final decision of the SSA to the United States District Court for the judicial district in which he or she resides. 42 U.S.C. § 405(g). On review of an SSA decision, a district court "ha[s] [the] power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

When reviewing an SSA decision denying benefits under the Act, the district court's inquiry is limited to (1) whether the correct legal standards were applied, and (2) whether the factual findings are supported by

substantial evidence. *Nguyen v. Shalala*, 43 F.3d 1400, 1402 (10th Cir. 1994). A decision that applies incorrect legal standards, that fails to show the correct standards were applied, or that is not supported by substantial evidence warrants reversal. *Noreja v. Comm'r, SSA*, 952 F.3d 1172, 1178 (10th Cir. 2020).

Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.*; *see also Lax*, 489 F.3d at 1084 (substantial evidence is "more than a scintilla, but less than a preponderance"). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Noreja*, 952 F.3d at 1178. A district court must "meticulously examine the record as a whole, including anything that may undercut or detract from the [SSA's] findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). But the court "may neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Noreja*, 952 F.3d at 1178. Any fact, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff alleges that she is disabled due to bipolar disorder, post traumatic stress disorder, and migraines. R. at 220.[2] She has been suffering from these conditions for years and has sought treatment from a variety of providers, she had been experiencing migraines for at least four years prior to her application. R. at 892.

---

[2] The administrative record, Doc. 9, will be cited in this Order as "R. at __," using the numbers on the bottom right corner of each page, as affixed and indexed by Defendant.

Her medical providers recommended a number of medications for her mental health conditions, including selective serotonin reuptake inhibitors, benzodiazepines, and trazodone, which she usually did not take. R. at 503, 604, 613. She reported between two and fifteen migraines per month, and visited the emergency room twice in the relevant period. When she took medication for migraines, it was typically effective, but again she did not always follow her prescriptions. *See e.g.,* R. at 175, 526, 538, 542.

In September 2020, Plaintiff filed an application for supplemental security income. R. at 331-40. The ALJ held a hearing and issued her decision on June 8, 2022. In that decision, the ALJ found that Plaintiff

> has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: she can never climb ladders, ropes or scaffolds; can have no exposure to excessive noise but can work at a moderate noise level; no use of moving hazardous machinery; no exposure to unprotected heights; can understand, remember and carry out simple instructions that can be learned in up to and including 30 days of on-the-job training; can keep pace sufficient to complete tasks and meet quotas typically found in unskilled work; can have occasional interaction with the public, coworkers and supervisors; and can adapt to occasional changes in the workplace.

*Id.* at 151. The ALJ found Plaintiff was capable of performing work existing in significant numbers in the national economy, including the jobs of merchandise marker, mail room clerk, and package sorter. *Id.* at 157. The ALJ therefore concluded Plaintiff was not disabled. *Id.*

After Plaintiff timely appealed, the Appeals Council denied the request for review, making the ALJ's decision final on October 28, 2022. *Id.* at 1. An appeal to this Court was filed, Doc. 1, and is now briefed and ripe for review. *See* Docs. 17, 21, 22.

## DISCUSSION

Plaintiff's appeal argues that the ALJ committed legal error by not correctly applying the legal rules for evaluating the opinions of her medical sources, Physician's Assistant Dana Benner and Social Worker Amanda Smith. Doc. 17 at 1. Plaintiff initially asserts that "the ALJ ignored the medical opinions of [her] treating medical sources," Doc. 17 at 10, but that is plainly untrue, as her own brief notes that the ALJ did, in fact, consider Ms. Benner's and Ms. Smith's opinions. See, e.g., *id.* at 11 (citing R. at 155).

More accurately, Plaintiff's argument is that the ALJ did not properly analyze or sufficiently explain her reasons for discounting the opinions of Ms. Benner and Ms. Smith. *Id.* at 10.

### I.   ALJ's assessment of Ms. Benner's opinion

Plaintiff makes two arguments as to Ms. Benner, whose opinion that Plaintiff's migraines made her incapable of even low-stress work the ALJ found not persuasive. The first appears to be that the ALJ erred by not sufficiently explaining the evidence that supported her conclusion that Ms. Benner's opinion was not consistent with the other medical evidence. The second is that the ALJ misstated some of the evidence she did consider.

Plaintiff is right that an ALJ is required to assess residual functional capacity based on all of the relevant evidence in the record and to examine whether Ms. Benner's opinion is supportable and consistent with the rest of that evidence. *See* 20 CFR § 404.1520(c), 20 CFR § 416.920(c). But she is wrong to argue that didn't happen here. The ALJ analyzed both consistency with other evidence and supportability, and found Ms.

- 6 -

Benner's opinion inconsistent with other evidence and not supported by generally normal examinations of Plaintiff. See. R. at 155. This conclusion is supported by the portions of the record specifically noted by the ALJ, (*see id.*), as well as significant other evidence in the record cited by the Commissioner in response.[3] *See* R. at 37, 528, 533, 536, 540, 543, 546, 1231, 1420, 1659, 1726, 1734. The ALJ also explained that Plaintiff refused to change her medication or try taking her medication at night to avoid side effects to mitigate her migraine difficulties and that when she did take medications, her symptoms improved, all of which rendered Ms. Benner's assessment that Plaintiff was unable to work less persuasive. See R. at 155, *see also* R. at 526, 532, 538, 542, 545. Further, the ALJ noted that when Plaintiff took her medication as directed, she reported improvement in her symptoms, further undermining Ms. Benner's assessment. *See* R. at 155, 532, 538, 545, 1189. As the Commissioner notes, the ALJ also acknowledged that Plaintiff's migraines caused workplace limitations, contrary to the state agency physicians' assessments, which she accounted for in her limitations. R. at 151. That the ALJ's explanation of all this was more cursory than Plaintiff would like does not render it reversible; an ALJ is not required to specifically cite all the contrary evidence in discounting an opinion. *Best-Willie v. Colvin*, 514 F. App'x 728, 733 (10th Cir. 2013). The ALJ performed the requisite analysis of Ms. Benner's opinion and it is supported by substantial evidence in the record.

The second argument is a reframed way of asking this court to re-weigh the evidence. Plaintiff argues that the ALJ's assessment of the evidence is contrary to "[m]any other records in the file show[ing] that Ms. Benner PA's medical opinion is consistent with the medical record

---

[3] In her reply, Plaintiff argues that reliance on parts of the record not specifically cited by the ALJ is impermissible *post hoc* rationalization. Doc. 22 at 4. That is mistaken, as an ALJ is not required to cite every piece of evidence on which she relied, and this court's role is to assess whether substantial evidence in the record supports the ALJ's conclusion, not whether the evidence specifically noted by the ALJ does so. *See Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005).

as a whole." Doc. 17 at 11. But that determination would go beyond my role in reviewing the ALJ's decision. The ALJ's decision is supported by substantial evidence and is neither contradicted nor overwhelmed by the evidence Plaintiff points to that might support a contrary conclusion.

This Court's role in reviewing an ALJ's evaluation of the evidence is limited, and I cannot reweigh it to reach a different conclusion, as Plaintiff is asking me to do here. *See Alarid v. Colvin*, 590 F. App'x 789, 795 (10th Cir. 2014) ("In citing what he contends is contrary evidence [Plaintiff] is asking us to reweigh the evidence, which we cannot do."); *Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016) ("In short, the record contains support for both the notion that Mr. Allman has extreme deficiencies in concentration, persistence, and pace, and the notion that his mental limitations are not that severe. The ALJ was entitled to resolve such evidentiary conflicts and did so.").

The possibility of drawing a different conclusion from the evidence does not prevent the ALJ's findings from being supported by substantial evidence. *Lax*, 489 F.3d at 1084. I may not "displace the agenc[y's] choice between two fairly conflicting views," even if I could justifiably make a different choice were the matter before me de novo. *Id.*; *accord Noreja*, 952 F.3d at 1181-82 ("We are not at liberty to second-guess the ALJ's determination."). The ALJ's conclusion here that Ms. Benner's opinion was not persuasive cannot be reversed.

## II.   ALJ's assessment of Ms. Smith's opinion

Plaintiff makes similar arguments as to the ALJ's analysis of Ms. Smith's opinion of her mental health conditions. Ms. Smith opined that given her mental health condition, Plaintiff would have to miss work, and her ability to interact with the public or carry out detailed instructions was limited. R. at 155–56.

- 8 -

As a threshold matter, it does not appear that Ms. Smith was legally a "medical source" whose opinion the ALJ was required to assess under the persuasiveness standard. *See* 20 C.F.R. §§ 416.920c ("ALJs required to assess persuasiveness of opinions from "a medical source"). Ms. Smith appears to be a licensed social worker, which would qualify, *see id.* at § 416.902(i) (defining "medical source"). But it does not appear she was so licensed at the time she rendered the opinion in question. *See* Doc. 21 at 13. Plaintiff's reply does not make a serious effort to refute this, and it is a sufficient reason to deny the appeal as to Ms. Smith.

Even if Ms. Smith had been an authorized medical source at the time, there was no error in the ALJ's discounting of her opinion. Again, the ALJ did not cite every part of the record that contradicted Ms. Smith's opinion, but did note that it was inconsistent with a range of exams and result, as well as with the treatment she had received and her failure to follow medical providers' recommendations as to medication. See R. at 156. There is extensive support for this conclusion in the record. See e.g., R. at 1421, 1731-32; 454-55, 528, 530, 533, 536, 540, 543, 546, 602-03, 608-09, 614-15, 620-22, 632, 1189, 1420, 1726, 1734.

The ALJ does appear to have mis-cited one item when discussing Ms. Smith's opinion. *See* R. at 156 (mentioning 2F/1-4). That, however, is not sufficient reason to reverse an ALJ determination. *See Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003). And the remainder of Plaintiff's objections to the ALJ's treatment of Ms. Smith's opinion again are efforts to have this court reweigh potentially conflicting evidence, which I am not empowered to do. *See Lax*, 489 F.3d at 1084; *Trujillo v. Comm'r, SSA*, 818 F. App'x 835, 843 (10th Cir. 2020) ("an ALJ is not required to specifically discuss every factor in reaching a credibility determination.").

\* \* \*

Substantial evidence supports the ALJ's determination that the impact of Plaintiff's conditions was limiting, but was not so severe that she could not work in the jobs she discussed. The ALJ reviewed extensive medical evidence including the two opinions discussed in her brief but much more as well. That evidence could possibly support a finding of disability, but also substantially supports the conclusion that, with limitations, Plaintiff has residual functional capacity that allows her to work. R. at 151–57. The ALJ's conclusion here that Plaintiff was capable of working with limitations in spite of her mental health impairments and her migraines is supported by substantial evidence and cannot be reversed.

## CONCLUSION

The final decision of the Commissioner of Social Security is **AFFIRMED**.

DATED: March 20, 2024         BY THE COURT:

Daniel D. Domenico
United States District Judge